# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS REEVES<br><br>**Plaintiff**<br><br>v.<br><br>THE TRAVELERS COMPANIES d/b/a TRAVELERS<br><br>**Defendant** | CIVIL ACTION<br><br>NO. 16-6448 |

## MEMORANDUM RE DEFENDANT'S
## MOTION TO BIFURCATE AND STAY COUNT II

In this case, Plaintiff Douglas Reeves' contends that Travelers ("Defendant") failed to honor the terms of the underinsured motorist provision of his insurance contract, and exhibited bad faith in its handling of Reeves' claim in violation of 42 Pa. C.S.A. § 8371. Presently before the Court is Defendant's Motion to Bifurcate and Stay Count II of Plaintiff's Complaint (the Bad Faith claim). For the reasons stated below, Defendant's motion is DENIED.

### I. Factual and Procedural Background

Plaintiff alleges that on June 25, 2015, he was a passenger in a motor vehicle operated by a co-worker, when they were rear-ended by another vehicle, driven by a Mr. Blake. See ECF 1, Notice of Removal, Attached Complaint ¶¶ 3-4 (hereinafter "Compl."). Plaintiff sustained significant injuries, and recovered from Mr. Blake for the maximum policy amount available on Mr. Blake's insurance. Compl. ¶¶ 6, 11. Because that was not enough to cover the extent of Plaintiff's injuries, Plaintiff filed a underinsured motorist (UIM) claim with his insurance company, Travelers. Id. ¶ 12.

On February 4, 2016, Travelers denied plaintiff's UIM claim, citing an exclusion under the policy. Id. ¶ 20. In a letter to Defendant dated August 22, 2016 Plaintiff documented his belief that Defendant frivolously denied his claim. Id. ¶ 21. On September 13, 2016, Defendant issued a second denial of Plaintiff's UIM claim. Id. ¶ 22. Plaintiff again attempted to convince Defendant via letter that his claim should be paid, and on October 4, 2016, for a third and final time, Defendant denied the claim. Id. ¶¶ 23, 24. In November 2016, Plaintiff filed suit against Defendant Travelers in Philadelphia County Court of Common Pleas, alleging breach of contract and bad faith. Id. ¶¶ 29-48. Defendant removed to this Court on December 15, 2016, and answered Plaintiff's Complaint on December 22, 2016. See ECF 1, Notice of Removal; ECF 4, Answer with Affirmative Defenses.

On February 17, 2017, Defendant moved to bifurcate and stay Plaintiff's bad faith claim. ECF 11. Plaintiff filed a response opposing the motion on March 2, 2017, and Defendant replied on March 10, 2017. ECF 13; ECF 14. Defendant's motion is ripe and before the Court.

## II.    Jurisdiction

This Court has jurisdiction under 28 U.S.C § 1332, and this case was properly removed under 28 U.S.C. § 1441.

## III.    Discussion

### A. Legal Background

Travelers brings its Motion to Bifurcate and Stay under Federal Rule of Civil Procedure 42(b), which provides that a court may order a separate trial "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Under this rule, the district court has broad discretion to grant or deny a motion to bifurcate claims. Lis v. Robert Packer Hosp., 579 F.2d 819, 824 (3d Cir. 1978). Bifurcation "is not to be routinely ordered" and should

be done on a case by case basis "where experience has demonstrated its worth." Id. at 824 (quoting advisory committee note to Fed. R. Civ. P. 42(b) 1966 amendment).

The moving party has the burden to show that bifurcation is proper under Rule 42(b). Innovative Office Prod., Inc. v. Spaceco, Inc., No. 05-04037, 2006 WL 1340865, at *1 (E.D. Pa. May 15, 2006). In determining whether to bifurcate claims, a district court should consider "the convenience of the parties, avoidance of prejudice to either party, and promotion of the expeditious resolution of the litigation." Official Comm. of Unsecured Creditors v. Shapiro, 190 F.R.D. 352, 355 (E.D. Pa. 2000) (internal quotations omitted).

### B.  Arguments of the Parties

#### 1)  Defendant's Position

Defendant argues that Plaintiff's claim for bad faith should be bifurcated from his breach of contract claim, and that the discovery related to the bad faith claim should be stayed pending the resolution of the contract claim. See Def.'s Mot. at 2-3. In support of its Motion, Defendant offers three primary arguments.

First, Defendant argues that Plaintiff's bad faith claim should be bifurcated from the breach of contract claim because the bad faith claim will involve evidence and testimony that is irrelevant to the breach of contract claim. Id. at 3-6. Defendant points out that in order to prove his bad faith claim, Plaintiff will have to present evidence regarding Defendant's handling of his claim, and the adequacy of Defendant's investigation. Id. at 5. Defendant argues that this is not relevant to the breach of contract claim, which requires only evidence of the accident that occurred, and the language of the policy. Id. at 8. Defendant argues that without bifurcation, the jury would be needlessly confused. Id.

Second, Defendant argues that it would suffer prejudice if the bad faith claim was tried simultaneously with the breach of contract claim and discovery was allowed to proceed on both claims. Id. at 8; 13. Specifically, Defendant argues that the jury would not be able to disregard the evidence presented related to the alleged bad faith of the claims handling processors when determining whether Defendant had breached its policy contract with Plaintiff. Id. at 9. It argues that hearing such evidence would "undoubtedly bias" the jury, and as a result, the claims should be severed. Id. Further, Defendant argues that allowing discovery on the bad faith claim before resolving the breach of contract claim would allow Plaintiff's attorneys to gain unfair insight into Defendant's witnesses' thoughts and analyses regarding Plaintiff's case. Id. at 17.

Third, Defendant argues that if the breach of contract claim is resolved in its favor, then Plaintiff's bad faith claim would be rendered moot. Id. at 10. Defendant reasons that this counsels in favor of bifurcation to preserve judicial resources. Id. at 11. That is, it may be unnecessary to decide the bad faith claim once the breach of contract is decided, so it would be more efficient to resolve the breach of contract claim first.

### 2) **Plaintiff's Position**

Plaintiff's response is brief, but centers around one key argument: that the same proof will be required to prove his breach of contract claim and his bad faith claim. ECF 13, Attachment 1, Plaintiff's Response Brief at p. 4. That is, Plaintiff argues that "the insurer's conduct evincing the bad faith is the very same conduct evincing the breach of contract." Id. As a result, Plaintiff argues that his claims should not be bifurcated, because to do so would be inefficient. Id.

### C. Recent Decisions by this Court

This Court has recently decided two similar cases, which neither party addresses in their briefs. First, in Corley v. National Indemnity Company & Sterling Claim Services., Inc., No. 16-584 (E.D. Pa. Sept. 9, 2016) (Baylson, J.), this Court granted an insurer's motion to bifurcate and to stay under Rule 42(b). There this Court's decision was largely based on the differing degrees to which discovery was underway on the two claims. The focus in that case was on expediency – namely, an interest in coming to a speedy conclusion of the contractual claim, in which discovery was nearly completed and which would shortly be ready for trial, rather than waiting at least a year for discovery to conclude in the bad faith claim. Corley, No. 16-584, at *1.

In the second case, Zinno v. Geico General Insurance Company, No. 16-792, 2016 WL 6901697 (E.D. Pa. Nov. 21, 2016) (Baylson, J.), this Court denied the Defendant's motion to bifurcate. In Zinno, unlike Corley, there was no indication that bifurcating the claims would lead to a more expedient resolution. Indeed, the evidence required to prove Plaintiff's breach of contract claim overlapped to some degree with the evidence required to prove his bad faith claim. Though Defendant Geico had argued that it would be prejudiced absent bifurcation, this Court held that it was Plaintiff who was at the most risk of suffering prejudice.

### D. Analysis

As in Zinno, Defendant here fails to carry its burden under Rule 42(b) to show that bifurcation is warranted. That is, Defendant Travelers has not shown that the level of prejudice it will face from trying both claims together outweighs the detrimental effects of bifurcation. Therefore, Defendant's motion is denied.

#### 1) Bifurcation would be Inefficient and Inconvenient

Bifurcating Plaintiff's two claims here would not serve the interests of convenience, economy or expedition. Cf. Fed. R. Civ. P. 42(b). First, as in Zinno, neither of Plaintiff's claims here are particularly complex, and to have two separate trials would unnecessarily complicate and prolong the case. Zinno, 2016 WL 6901697 at *2; see also Wagner v. Allstate Ins. Co., 2016 WL 233790, *4 (E.D. Pa. Jan. 19, 2016) (declining to grant a motion to bifurcate in insurance bad faith context, noting that "bifurcation would essentially double the life of this action").

In support of its motion, Defendant cites three cases from this District and several state court decisions in which similar motions were granted. See, e.g., Moninghoff v. Tillet, 2012 WL 12127138 (E.D. Pa. June 28, 2012); Hudgins v. The Travelers Home and Marine Ins. Co., No. 2:11-cv-00882 (E.D. Pa. 2011); MacFarland v. United States Fidelity & Guarantee Co., 818 F. Supp. 108 (E.D. Pa. 1993). However, as other courts in this district have noted, most Pennsylvania federal courts faced with the same situation have declined to grant bifurcation, noting that bifurcation would unnecessarily draw out the case. See Wagner, 2016 WL 233790 at *4 n.10 (collecting cases); Cioffi v. Metro. Grp. Prop. & Cas. Ins. Co., No. 2:14-cv-04395, 2014 U.S. Dist. LEXIS 185226, *8 (E.D. Pa. Sept. 10, 2014).

Further, as Plaintiff points out in his brief, the evidence required to prove Plaintiff's claims overlap with one another. Although the ultimate issues in the two claims are distinct, the evidence that would be presented at the two trials would be similar. To argue otherwise is to ignore that an evaluation of the reasonableness of Travelers' investigation necessarily includes analysis of the documentation Travelers relied on in coming to its conclusion. Zinno, 2016 WL 6901697 at *2. These documents are precisely the documents that would be presented during a trial limited to the breach of contract claim. Travelers' investigation "did not occur in a vacuum" – the context surrounding the investigation, including the underlying facts of the accident and the

policy terms are critical to a jury's understanding and assessment of a bad faith claim. Id. (quoting Wagner, 2016 WL 233790). To present the same evidence to two separate juries is a waste of resources.

Defendant argues that trying the two claims separately would be efficient because the bad faith claim could be rendered moot if a trier of fact found for Defendant on the breach of contract claim. However, as the Wagner court pointed out, this is not always the case. Wagner, 2016 WL 233790 at *3 (noting that Pennsylvania law also allows for recovery due to undue delay in processing claims which is not contingent on a breach of contract). Moreover, any hypothetical time savings this would afford the court does not outweigh the inefficiency and inconvenience in having two discovery periods, two dispositive motion schedules, two trials. See Rohm & Haas Co. v. Utica Mut. Ins. Co., No. 07-cv-584, 2008 WL 2517176, *4 (E.D. Pa. June 23, 2008).

### 2) Neither Party is Prejudiced by a Decision not to Bifurcate

Defendant focuses its motion on the potential for prejudice if Plaintiff's two claims are tried together. In support, Defendant presents two primary arguments: (1) by combining the two discovery phases, Plaintiff will be able to obtain documents reflecting Defendant's assessment of the case, and (2) the jury's assessment of the breach of contract claim will be biased against Defendant as a result of hearing evidence of bad faith.

Regarding Defendant's first argument, this Court rejected a similar argument in Zinno. There, the defendant argued that work product it generated in preparation for litigation of the breach of contract claim would be relevant and discoverable in the bad faith claim, forcing the defendant to either forfeit its privilege, or claim it - and thereby hamper Plaintiff's litigation of the bad faith claim. Zinno, 2016 WL 6901697 at *3. As we held in Zinno, the work product doctrine does not disappear just because two claims are tried simultaneously. Id. Rather,

Defendant will have to prove its entitlement to work product protection as needed. The mere potential for discovery disputes is not a reason to stay discovery on the bad faith claim. Further, Plaintiff here opposes bifurcation of his claims. In doing so, he is taking a risk of more discovery disputes and a greater likelihood that Defendant will be unwilling to produce certain documents. This is Plaintiff's choice to object to bifurcation, and it is not Defendant's argument to make.

Turning to Defendant's second argument; a concern that a jury would be unable to disregard certain evidence when considering Plaintiff's breach of contract claim is not a reason to bifurcate the two claims at this point. Indeed, if this concern is deemed valid as trial approaches, there are adequate procedures available in federal court to address it. See Craker v. State Farm Mut. Auto. Ins. Co., No. CIV.A. 11-0225, 2011 WL 4565582, at *2 (W.D. Pa. Sept. 29, 2011) (noting that including staged trials and jury verdicts to are available to mitigate this potential concern). Further, Defendant has recourse to address its concern that the jury will be unable to apply two separate standards of review, by filing a post-trial motion.

In sum, the Court sees no reason to deviate from its reasoning and decision in Zinno, which presented a nearly-identical situation. Defendant has not carried its burden to show that bifurcation is warranted here, and the Court declines to exercise its discretion under Rule 42(b).

**IV.    Conclusion**

For the reasons outlined above, Defendant's Motion to Bifurcate and Stay Count II is DENIED.

O:\CIVIL 16\16-6448 Reeves v Travelers\Memo re bifurcation.docx